UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | |
|---|---|
| DAVID J. FREEDOM, | NO. 14-12741 |
| Debtor. | Chapter 13 |
| | Honorable Judge Janet S. Baer |

### NOTICE OF MOTION

TO:    SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on March 12, 2015 at 9:30 a.m., the undersigned will appear before the Honorable Janet S. Baer in Courtroom 615 at the **Dirksen Federal Building**, 219 S. Dearborn, Chicago, Illinois and will then and there present the attached **DEBTOR'S MOTION PURSUANT TO FED. R. BANKR. P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPT FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AGAINST JPMORGAN CHASE BANK, N.A.** at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to be served, via First Class U.S. mail to all parties on the service list except as to Jamie Dimon which was sent by certified mail return receipt requested on March 4, 2015 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

> BY:  /S/ PAUL M. BACH
> Paul M. Bach, Esq.
> Counsel for Debtor
> Sulaiman Law Group, Ltd.
> 900 Jorie Blvd, Suite 150
> Oak Brook, Illinois 60523
> 630 575 8181

## SERVICE LIST

**David J. Freedom**
14751 Lorel Avenue
Oak Forest, Illinois 60452

**Tom Vaughn**
55 East Monroe Street, Suite 3850
Chicago, Illinois 60603

**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

**James Dimon, President & CEO**
JPMorgan Chase Bank, N.A.
270 Park Avenue
New York, NY 10017-2070

**Manley Deas Kochalski, LLC**
P.O. Box 165028
Columbus, OH 43216-5028

**Evan Lincoln Moscov**
Weinstein & Riley, P.S.
469 W. Huron Street
Suite 1701
Chicago, IL 60611

**Heather M. Giannino**
Heavner, Beyers & Mihlar, LLC
P.O. Box 740
Decatur, Illinois 62525-0740

**Heather M Giannino**
Heavner, Scott, Beyers & Mihlar, LLC
111 East Main Street, Suite 200
Decatur, IL 62523

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID J. FREEDOM | ) ) ) | |
| Debtor, | ) ) | Chapter 13 |
| | ) ) | Case No: 13-38554 |
| v. | ) ) | |
| JPMORGAN CHASE BANK, N.A. | ) ) | Honorable Janet S. Baer |
| | ) ) ) | |
| Defendants. | ) | |

**DEBTOR'S MOTION PURSUANT TO FED. R. BANKR. P. 9020
SEEKING SANCTIONS FOR CIVIL CONTEMPT FOR VIOLATIONS
OF THE DISCHARGE INJUNCTION AGAINST JPMORGAN CHASE BANK, N.A.**

NOW COMES, DAVID J. FREEDOM ("Debtor"), by and through his attorneys, Paul M. Bach and Penelope N. Bach of Sulaiman Law Group, Ltd. and bringing this Motion Seeking Sanctions Pursuant to Fed. R. Bankr. P. 9020 for Civil Contempt for Violations of the Discharge Injunction against JPMorgan Chase Bank, N.A. and in support thereof, stating:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 157(a) and 1334 in that this proceeding arises and is related to the above-captioned Chapter 13 case under Title 11.

2. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event that this case is determined to be a non-core proceeding, the Debtor consents to the entry of a final order by the Bankruptcy Judge.

3. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409.

**PARTIES**

4. David J. Freedom was a Debtor under Chapter 13 of Title 11 of the United States Code in Case Number 14-12741 filed April 6, 2014.

5. At all times relevant to the action, JPMorgan Chase Bank, N.A. was and is a National Association with its principal place of business in New York, New York. JPMorgan Chase Bank, N.A. conducts and transacts business in the State of Illinois.

**JPMORGAN CHASE BANK'S WILLFUL POST-DISCHARGE VIOLATIONS OF 11 U.S.C. §524(A)(2)**

6. On or about June 14, 2006, Debtor, David J. Freedom, executed a Promissory Note in favor of JPMorgan Chase Bank, N.A. Debtor on the same date executed a Mortgage that secured the Promissory Note against a piece of real property (hereinafter called "the subject loan"). JPMorgan Chase Bank, N.A. held the second priority mortgage with the first priority mortgage held by CitiMortgage, Inc.

7. The subject loan was related to the real property commonly known as 1914 W. 169th Street, Hazel Crest, Illinois (hereinafter called the "subject property") and was a second priority lien with CitiMortgage, Inc. holding the first priority lien. *See* Exhibit A, a true and correct copy of the JPMorgan Chase Bank, N.A. second priority mortgage with JPMorgan Chase Bank, N.A. as the Mortgagee.

8. On April 6, 2014, Debtor filed a petition for bankruptcy relief under Chapter 13 of the U.S. Bankruptcy Code.

9. Debtor named JPMorgan Chase Bank, N.A. as one of his creditors in the bankruptcy filing. JPMorgan Chase Bank, N.A. received notice of Debtor's bankruptcy filing. *See* Exhibit B, a true and correct copy of the April 7, 2014 Notice of Bankruptcy Case, Meeting of Creditors & Deadlines which was served by the Bankruptcy Noticing Center upon JPMorgan Chase Bank, N.A. on April 9, 2014.

10. On April 6, 2014, the Debtor filed a Chapter 13 Plan which was served upon JPMorgan Chase Bank, N.A. by the Bankruptcy Noticing Center on April 9, 2014. *See* Exhibit C, a true and correct copy of the April 6, 2014, Chapter 13 Plan and Proof of Mailing on April 9, 2014, by the Bankruptcy Noticing Center.

11. The April 6, 2014, Chapter 13 Plan proposed to pay $1,052.00 per month to the Chapter 13 Trustee for six months with the subject real estate being surrendered being surrendered in full satisfaction of any second priority mortgage claim of JPMorgan Chase Bank, N.A. The Chapter 13 Plan also provided that upon Confirmation that title to the subject real estate would vest in CitiMortgage, Inc., the first priority mortgagee. *Id.*

12. On July 17, 2014, the Debtor filed a first modified Chapter 13 Plan which was served by the Bankruptcy Noticing Center upon JPMorgan Chase Bank, N.A. on July 20, 2013. *See* Exhibit D, a true and correct copy of the July 17, 2014, Chapter 13 Plan and Proof of Mailing on July 20, 2014, by the Bankruptcy Noticing Center.

13. The July 17, 2014, Chapter 13 Plan proposed to pay $1,052.00 per month to the Chapter 13 Trustee for three months and $2,271.91 per month for an additional three months with the subject real estate being surrendered being surrendered in full satisfaction of the second priority mortgage claim of JPMorgan Chase Bank, N.A. The Chapter 13 Plan

also provided that upon Confirmation that title to the subject real estate would vest in CitiMortgage, Inc., the first priority mortgagee. *Id.*

14. On July 31, 2014, Judge Janet S. Baer confirmed the first modified Chapter 13 Plan attached as Exhibit D. *See* Exhibit E, a true and correct copy of the Order Confirming Plan.

15. The first Modified Chapter 13 Plan dated November 7, 2014 which was confirmed contained the following provision in Section G, paragraph one:

    Debtor is surrendering the real property located at 1914 W. 169th Street, Hazel Crest, Illinois to JPMorgan Chase Bank, N.A. and JPMorgan Chase in full satisfaction of their claims. Pursuant to 11 USC 1322(b)(9), legal title to the aforementioned property shall vest in JPMorgan Chase Bank, N.A. upon confirmation of the Debtor's Plan.

16. JPMorgan Chase Bank, N.A. did not file a Proof of Claim or Object to Confirmation of the Chapter 13 Plan that was confirmed prior to confirmation.

17. On August 25, 2014, Attorney Heather M. Giannino filed an Appearance on behalf of JPMorgan Chase Bank, N.A. *See* Exhibit F, a true and correct copy of the Appearance filed by Attorney Heather M. Giannino on August 25, 2014.

18. On August 25, 2014, Attorney Heather M. Giannino filed a secured Proof of Claim on behalf of JPMorgan Chase Bank, N.A. *See* Exhibit G, a true and correct copy of the Proof of Claim filed by Attorney Heather M. Giannino on August 25, 2014.

19. On October 24, 2014, Chapter 13 Trustee Tom Vaughn filed a Notice of Completion of Plan Payments.

20. On November 12, 2014, Debtor received his bankruptcy discharge. *See* Exhibit H, a true and correct copy of the November 12, 2014 discharge order.

### JPMORGAN CHASE BANK, N.A. DOCUMENTS SENT TO THE DEBTOR VIOLATING THE AUTOMATIC STAY AND DISCHARGE INJUNCTION

21. On May 30, 2014, JPMorgan Chase Bank, N.A. sent the Debtor a home ownership letter to related to his account. *See* Exhibit I, a true and correct copy of the letter from JPMorgan Chase Bank, N.A. to the Debtor dated May 30, 2014.

22. On June 6, 2014, JPMorgan Chase Bank, N.A. sent the Debtor a home ownership letter to related to his account. *See* Exhibit J, a true and correct copy of the letter from JPMorgan Chase Bank, N.A. to the Debtor dated June 6, 2014.

23. Exhibit I & J and subsequent Exhibits were sent by JPMorgan Chase Bank, N.A. not to the subject property but to a different address.

24. On May 31, 2014, JPMorgan Chase Bank, N.A. sent a statement for the subject loan even though the bankruptcy case was filed on April 6, 2014. *See* Exhibit K, a true and correct copy of the statement dated May 31, 2014 demanding payment of $425.50 by June 25, 2014. The May 31, 2014, statement contained a section "Bankruptcy Information" which demanded $143.37 by June 25, 2014 and contained information regarding the Debtor's bankruptcy indicating knowledge of the bankruptcy.

25. On June 30, 2014, JPMorgan Chase Bank, N.A. sent a statement for the subject loan even though the bankruptcy case was filed on April 6, 2014. *See* Exhibit L, a true and correct copy of the statement dated June 30, 2014 demanding payment of $564.26 by July 25, 2014. The June 30, 2014, statement contained a section "Bankruptcy Information" which demanded $138.76 by July 25, 2014 and contained information regarding the Debtor's bankruptcy indicating knowledge of the bankruptcy.

26. On July 31, 2014, JPMorgan Chase Bank, N.A. sent a statement for the subject loan even though the bankruptcy case was filed on April 6, 2014. *See* Exhibit M, a true and correct

copy of the statement dated July 31, 2014 demanding payment of $707.64 by August 25, 2014. The July 31, 2014, statement contained a section "Bankruptcy Information" which demanded $143.38 by August 25, 2014 and contained information regarding the Debtor's bankruptcy indicating knowledge of the bankruptcy.

27. On August 31, 2014, JPMorgan Chase Bank, N.A. sent a statement for the subject loan even though the bankruptcy case was filed on April 6, 2014. *See* Exhibit N, a true and correct copy of the statement dated August 31, 2014 demanding payment of $851.01 by September 25, 2014. The August 31, 2014, statement contained a section "Bankruptcy Information" which demanded $143.37 by September 25, 2014 and contained information regarding the Debtor's bankruptcy indicating knowledge of the bankruptcy.

28. On September 30, 2014, JPMorgan Chase Bank, N.A. sent a statement for the subject loan even though the bankruptcy case was filed on April 6, 2014. *See* Exhibit O, a true and correct copy of the statement dated September 30, 2014 demanding payment of $989.87 by October 25, 2014. The September 30, 2014, statement contained a section "Bankruptcy Information" which demanded $138.76 by October 25 25, 2014 and contained information regarding the Debtor's bankruptcy indicating knowledge of the bankruptcy.

29. On October 31, 2014, JPMorgan Chase Bank, N.A. sent a statement for the subject loan even though the bankruptcy case was filed on April 6, 2014. *See* Exhibit P, a true and correct copy of the statement dated October 31, 2014 demanding payment of $143.37 by November 25, 2014. The October 31, 2014, statement contained a section "Bankruptcy Information" which demanded $1,133.14 by November 25, 2014 and contained information regarding the Debtor's bankruptcy indicating knowledge of the bankruptcy.

30. On November 30, 2014, JPMorgan Chase Bank, N.A. sent a statement for the subject loan even though the personal liability had been discharged and the property transferred upon confirmation of the Chapter 13 Plan. *See* Exhibit Q, a true and correct copy of the statement dated November 30, 2014 demanding payment of $1,271.90 by December 25, 2014. The November 30, 2014, statement contained a section "Bankruptcy Information" which demanded $138.76 by December 25, 2014 and contained information regarding the Debtor's bankruptcy indicating knowledge of the bankruptcy.

31. On December 31, 2014, JPMorgan Chase Bank, N.A. sent a statement for the subject loan even though the personal liability had been discharged and the property transferred upon confirmation of the Chapter 13 Plan. *See* Exhibit R, a true and correct copy of the statement dated December 31, 2014 demanding payment of $1,415.28 by January 25, 2015.

32. On January 31, 2015, JPMorgan Chase Bank, N.A. sent a statement for the subject loan even though the personal liability had been discharged and the property transferred upon confirmation of the Chapter 13 Plan. *See* Exhibit S, a true and correct copy of the statement dated January 31, 2015 demanding payment of $1,583.65 by February 25, 2015.

33. JPMorgan Chase Bank, N.A. contacted Debtor on the following dates and times from telephone number (866) 400 2282:

    (1) February 21, 2015 in the afternoon

34. When Debtor filed his Chapter 13 bankruptcy petition in 2014, Debtor believed he would be enjoying the fresh start guaranteed by the U.S. Bankruptcy Code.

35. However, as a direct result of JPMorgan Chase Bank N.A.'s unlawful conduct, Debtor has been denied his fresh start.

36. JPMorgan Chase Bank, N.A. has consistently violated the discharge injunction entered on November 12, 2014 by the U.S. Bankruptcy Court for the Northern District of Illinois.

37. Moreover, as a direct result of JPMorgan Chase Bank N.A.'s persistent, unlawful conduct, Debtor has experienced extreme emotional distress, loss of sleep, and undue stress and anxiety.

## STANDARD

38. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect upon discharged debts.

39. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

40. "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States S.E.C. v. Hyatt*, 621 F.35 687, 692 (7th Cir. 2008).

41. "A creditor must maintain adequate procedures to prevent a violation of the discharge injunction." *In re Nassoko,* 405 B.R. 515, 521 (Bankr.S.D.N.Y.2009).

42. "Punitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are reserved for cases in which the

defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *In re Wagner*, 74 B.R. 898, 903-904 (Bankr.E.D.Pa.1987). "Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code." *In re Medlin*, 201 B.R. 188 (Bankr.E.D.Tenn.1996).

43. "In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure." *In re Sumpter*, 171 B.R. 835, 845 (Bankr.N.D.Ill 1994).

### ARGUMENT

44. The actions of JPMorgan Chase Bank, N.A. are in violation and contempt of the Order of Discharge entered by this Honorable Court on November 12, 2014.

45. The Discharge Order expressly states that "the discharge prohibits any act to collect from the debtor a debt has been discharged." *Id.* Attempting to collect a discharged debt is a violation of the discharge injunction.

46. There is no question that the Discharge Order is an unambiguous command.

47. JPMorgan Chase Bank, N.A., through its repeated efforts to unlawfully collect the subject debt clearly did not make a reasonable and diligent effort to comply with the Discharge Order.

48. JPMorgan Chase Bank, N.A. repeatedly and unlawfully attempted to coerce the Debtor to pay the discharged subject debt. JPMorgan Chase Bank, N.A.'s conduct represents violations of the discharge injunction pursuant to 11 U.S.C. § 524(a)(2) and constitutes civil contempt of bankruptcy court orders.

49. JPMorgan Chase Bank N.A.'s actions in seeking to collect on the subject debt after the Debtor's lawful discharge amounts to a flagrant and willful disregard to the discharge injunction as set forth in 11 U.S.C. § 524(a)(2).

50. JPMorgan Chase Bank N.A.'s conduct was persistent and pervasive; it is clear that at no time did JPMorgan Chase Bank, N.A. implement any systems to prevent its ongoing violation of the Discharge Order.

51. It is JPMorgan Chase Bank, N.A. regular business practice to ignore Discharge Orders, even after repeated notifications of the Debtor's discharge.

52. The Debtor has experienced extreme emotional distress, loss of sleep, and undue stress and anxiety as a direct result of JPMorgan Chase Bank, N.A.'s persistent violations of the Discharge Order.

53. To protect its authority and as well as to give debtors the relief that Congress contemplated, the Court should act promptly and firmly to stop conduct that violates the discharge injunction.

54. In order to protect the spirit of bankruptcy discharges as contemplated by Congress, this Court must impose civil contempt sanctions against JPMorgan Chase Bank, N.A. for its brazen disregard of this Court's orders, including actual damages, punitive damages, costs, and fees.

**WHEREFORE,** the Debtor having set forth his claims for relief against JPMorgan Chase Bank, N.A. respectfully pray of the Court as follows:

a. That this Honorable Court enter an order finding JPMorgan Chase Bank, N.A. in civil contempt for violations of 11 U.S.C. § 524;

b. That this Honorable Court enter an order directing JPMorgan Chase Bank, N.A. to pay actual damages in a sum determined by the Court for violations of 11 U.S.C. § 524;

c. That this Honorable Court enter an order directing JPMorgan Chase Bank, N.A. to pay punitive damages in a sum determined by the Court for violations of 11 U.S.C. § 524;

d. That this Honorable Court enter an order directing JPMorgan Chase Bank, N.A. to pay a sum determined by the Court for all reasonable legal fees and expenses incurred by their attorney for violations of 11 U.S.C. § 524; and

e. That this Honorable Court enter an order granting Debtor such other and further relief as the Court may deem just and proper.

Dated: March 4, 2015                    Respectfully Submitted,

/s/ Paul M. Bach
Paul M. Bach, Esq.
Counsel for Debtor
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Suite 150
Oak Brook, Illinois 60523
630 575 8181