UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE DAVID J. FREEDOM, | ) | Chapter 13 |
| | ) | |
| Debtor, | ) | Case No. 14-12741 |
| | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

**JPMORGAN CHASE BANK, N.A.'S**
**RESPONSE TO DEBTOR'S MOTION FOR SANCTIONS**

JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys, hereby submits this response to Debtor David J. Freedom's ("Freedom") Motion Pursuant to Fed. R. Bankr. P. 9020 Seeking Sanctions for Civil Contempt for Violations of the Discharge Injunction Against JPMorgan Chase Bank, N.A. (the "Motion for Sanctions") and states as follows:

**INTRODUCTION**

Freedom's Motion for Sanctions fails to set forth sufficient basis to establish a willful violation of the Discharge Order by Chase,[1] which is the standard necessary to hold Chase in contempt of court. Chase, since the issuance of the Discharge Order, has not taken steps to impose personal liability on the Debtor. Even assuming, *arguendo*, that the alleged conduct by Chase occurred as set forth in the Motion for Sanctions, such conduct is not the sort of conduct

---

[1] Although Freedom's Motion seeks sanctions for violation of the discharge injunction, the majority of the communications that he complains of (8 out of 12) take place *prior* to the discharge on November 12, 2014. The test used to determine a willful violation of the post-discharge injunction is also applicable to the determination of a willful violation of the automatic stay. *See In re Pincombe*, 256 B.R. 774, 783 (Bankr. N.D. Ill. 2000); *In re Barr*, 457 B.R. 733, 735 (Bankr. N.D. Ill. 2011). Regardless, even if he had alleged the pre-discharge communications as violations of the automatic stay, the Motion still fails to allege sanctionable conduct since all of the communications make clear that they are for informational purposes only and not to enforce a debt obligation. *See generally infra*.

that supports sanctions against Chase or holding Chase in contempt of court. Chase has attempted on multiple occasions to make clear that its communications with Freedom were *not* for the purposes of holding him personally responsible for the Mortgage Debt.

Additionally, Freedom had a duty to mitigate his damages before seeking intervention by this Court. Nowhere in his Motion did he state that he or his attorney made any attempt to contact Chase asking that these communications cease, even though several of the documents he complains of contained the following statement: "If you do not wish to receive this monthly informational Statement in the future, or if you have any questions regarding this mortgage/deed of trust account, please call (888) 520-6447." (*See* Dkt. 37, Exs. K-Q.) Finally, Freedom has not alleged any damages caused by any purported violation of the automatic stay or the discharge injunction. Instead, he seeks $125,000 in damages based only on a vague allegation that he "experienced extreme emotional distress, loss of sleep, and undue stress and anxiety as a direct result of JPMorgan Chase Bank, N.A.'s persistent violations of the Discharge Order." (*Id.* at ¶ 52.) Accordingly, Freedom's Motion for Sanctions should be denied.

## BACKGROUND

On March 4, 2015, Freedom filed his Motion for Sanctions, seeking $125,000 in compensatory and punitive damages and for attorney fees and costs, based on alleged conduct that he contends violates the Discharge of Debtor Order (the "Discharge Order") entered by this Court on November 12, 2014. (*See* Dkt. 30.) Freedom alleges that Chase should be sanctioned because the following actions taken by Chase violated the automatic stay and the Discharge Order: (1) Chase sent two homeownership letters to Freedom providing him information on homeownership counseling services that may be available to him (Dkt. 37, Exs. I and J); (2) Chase sent him nine statements relating to his loan (*id.* at Exs. K-S); and (3) Chase contacted

2

him by telephone once on February 21, 2015 (*id.* at ¶ 33). (*See also* Summary of Communications Attached to Debtor's Motion for Sanctions, attached as Exhibit A.)

## LEGAL STANDARD

Subsection 524(a)(2) of the Bankruptcy Code gives effect to a discharge order by providing that such an order operates as an injunction against acts to collect or recover a discharged debt as a personal liability of a debtor in bankruptcy. *See Kovacs v. United States*, 614 F.3d 666, 672 (7th Cir. 2010); *In re Will*, 303 B.R. 357, 362 (Bankr. N.D. Ill. 2003). In order to establish a violation of the discharge injunction, a debtor must establish a violation by clear and convincing evidence that the creditor acted intentionally, with knowledge that its act was in violation of the discharge injunction. *See In re Pincombe*, 256 B.R. 774, 782-83 (Bankr. N.D. Ill. 2000); *In re Barr*, 457 B.R. 733, 735 (Bankr. N.D. Ill. 2011). Sanctions for contempt are not appropriate for technical and unintended violations of the debtor's rights. *See In re Gunter*, 389 B.R 67, (Bankr. S.D. Ohio 2008) (noting that contempt requires showing violation of definite and specific order of the court requiring a party to perform or refrain from performing a particular act or acts with knowledge of the court's order).

## ARGUMENT

I. **The Complained of Communications Between Chase and Freedom Were Not an Attempt to Collect a Discharged Debt and Did Not Violate the Discharge Order.**

Freedom alleges that Chase sent written communications and mortgage statements that violate the discharge injunction. "The discharge injunction does not prohibit all communications between a creditor and the debtor, only those designed 'collect, recover or offset any such debt as a personal liability of the debtor.'" *In re Whitaker*, No. 09-50301, 2013 WL 2467932, at *8 (Bankr. E.D. Tenn. June 7, 2013) (citing 11 U.S.C. § 524(a)(2)). The focus of the inquiry is whether the creditor committed an act to effectively collect a discharged debt. *See In re*

3

*Mahoney*, 368 B.R. 579, 589 (W.D. Tex. 2007) (noting that there must be evidence of an "effective connection between the conduct of the creditor and the collection of the debt" and that the "mere fact that the creditor committed an act is insufficient").

The first two letters Freedom attaches to his Motion merely inform him of the availability of homeownership counseling opportunities and resources to contact for such counseling. Moreover, both letters contain the following language:

> To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

(*See generally* Ex. A; *see also* Dkt. 37, Exs. I and J.) Neither letter can be characterized as a demand for payment prohibited by the discharge injunction. Freedom also attaches nine mortgage loan statements (6 pre-discharge and 3 post-discharge) alleging that these statements demanded payment. However, as set forth in greater detail in Exhibit A of this Motion, on nearly every page of each statement, there is some language indicating that the documents are for informational purposes only and are not a demand or request for payment. Almost all of the statements also provide a number for Freedom to contact should he no longer wish to receive these information statements in the future. (*See* Ex. A; Dkt. 37, Exs. K-Q.) Finally, with respect to the one phone call alleged, Freedom has provided no facts about the nature of the purported call or any facts even suggesting that Chase requested him to pay anything in that call. (Dkt. 37 at ¶ 33.)

Courts have widely held that statements or letters provided to the debtor for informational purposes do not violate the automatic stay or the discharge injunction. *See, e.g., In re Redmond*, 380 B.R. 179 (N.D. Ill. 2007) (finding that bank's payoff letters "were not attempts to collect, but simply statements of the bank's position as to what was owed"); *In re Whitaker*, 2013 WL

4

2467932, at *8 (citing cases); *In re Mele*, 486 B.R. 546, 556 (Bankr. N.D. Ga. 2013) (finding post-discharge statements mailed to debtor with disclaimer that the "statement is being furnished for informational purposes only and should not be construed as an attempt to collect against you personally" sought to provide information to plaintiff post discharge to facilitate retention of her home and was not an attempt to collect a debt from plaintiff personally); *In re Giles*, 502 B.R. 892, 902-03 (Bankr. N.D. Ga. 2013) (discharge injunction did not apply to communications where there was no evidence that such communications were for the purpose of coercing debtor into making a payment she did not want to make); *In re Brown*, 481 B.R. 351, 359-60 (Bankr. W.D. Pa. 2012) (finding that letters providing payoff amount, offering assistance to avoid foreclosure, or inviting the debtor to contact Bank of America did not violate discharge injunction); *In re Jones*, No. 08-05439-AJM-7, 2009 WL 5842122, at *3 (Bankr. S.D. Ind. 2009) (letter from creditor replete with references that debtor was not obligated to pay debt owed to Countrywide was limited to seeking or obtaining periodic payments associated with its valid security interest in lieu of enforcing the lien and therefore did not violate the discharge injunction). Even if such disclaimer language is not included, "its absence does not automatically render the communication a *per se* violation of the discharge injunction." *In re Whitaker*, 2013 WL 2467932, at *8.

However, in this instance, nearly every page of the communications attached to Freedom's Motion contain some language making it clear that the document is not request or demand for payment. (*See generally* Ex. A.) With respect to the lone phone call alleged, Freedom alleges no facts supporting a violation of the discharge injunction. Therefore, the Court should deny Freedom's Motion for Sanctions.

5

II. **Freedom Had a Duty to Mitigate Any Purported Damages Before Seeking Intervention by This Court and He Failed to Do So**.

"Although the Bankruptcy Code does not require a debtor to warn his creditors of existing violations prior to moving for sanctions, the debtor is under a duty to exercise due diligence in protecting and pursuing his rights and in mitigating his damages with regard to such violations." *In re Clayton*, 235 B.R. 801, 811-12 (Bankr. M.D.N.C. 1998) ("The automatic stay was not designed to be used as a kind of spring-loaded gun against creditors who wander into traps baited by the debtor."). Here, prior to filing this Motion and seeking intervention from this Court, Freedom had a duty to mitigate his damages and to the extent that he was troubled by the statements Chase provided for informational purposes, he could have easily stopped such communications by calling (888) 520-6447. *See In re Hutchings*, 348 B.R. 847, 903-10 (Bankr. N.D. Ala. 2006) (finding debtor was not entitled to recover damages from creditor that could have easily been avoided if he had mitigated his damages); *In re Roush*, 88 B.R. 163, 165 (Bankr. S.D. Ohio 1988) (requiring debtor prior to filing contempt motion for violation of Section 524 to request their attorney communicate directly with creditor prior to filing a motion seeking to hold party in contempt).

Freedom has not alleged that either he or his attorney contacted Chase asking that these communications cease and instead, waited nearly ten months and after the case was closed before moving to reopen this case and filing the instant Motion. Accordingly, his Motion should be denied.

III. **Freedom Has Not Alleged Any Actual Damages Causally Related to Any Purported Violations of the Automatic Stay or the Discharge Injunction**.

In order to recover damages, Freedom must demonstrate that he suffered actual injury as a result of Chase's alleged violations of the automatic stay and discharge injunction and he must relate those injuries to the damages sought. *In re Wright*, 154 B.R. 549, 552 (Bankr. N.D. Ill.

6

1992) (debtor lacked standing to assert claim for compensatory damages, attorneys fees, and punitive damages because he failed to allege any injury that he may have suffered as a result of creditor's conduct); *see also In re McCool*, 446 B.R. 819, 823-24 (Bankr. N.D. Ohio 2010) ("For this burden, a debtor cannot rely on 'undue conjecture' or speculation, but instead must support its claim of actual injury with 'adequate proof.'"). Here, Freedom only vaguely alleges that he "experienced extreme emotional distress, loss of sleep, and undue stress and anxiety." (Dkt. 37 at ¶¶ 37, 52.) Even if he had alleged any sanctionable conduct (and he has not), he has provided no facts about how his purported injuries were caused by any alleged violation of the automatic stay or discharge injunction or how such injuries amount to the $125,000 in damages that he seeks.[2] Given that Freedom failed to take any steps to phone Chase to stop the informational statements over almost ten months, the need for more than a vague statement of damages is particularly evident in this case. Therefore, Freedom's Motion must be denied.

## CONCLUSION

WHEREFORE, JPMorgan Chase Bank, N.A. requests that this Court enter an order denying Freedom's Motion Pursuant to Fed. R. Bankr. P. 9020 Seeking Sanctions for Civil Contempt for Violations of the Discharge Injunction Against JPMorgan Chase Bank, N.A., and

---

[2] Of these damages, Freedom seeks $25,000 in punitive damages. (*See* Dkt. 37 Proposed Order.) However, punitive damages are generally awarded only in instances of "particularly egregious conduct on behalf of a creditor" and "requires actions taken with either a malevolent intent or a clear disregard and disrespect of the bankruptcy laws" not sufficient to show that actions were deliberate. *In re Kirby*, No. 01-60020, 2003 WL 21251993, at *4 (Bankr. S.D. Ill. May 28, 2003). Given that Freedom has failed to allege any violation of the discharge injunction, punitive damages are not appropriate.

7

for such relief the Court deems just and appropriate.

Dated: April 8, 2015                                  Respectfully submitted,
                                                      JPMORGAN CHASE BANK, N.A.


                                                      By:    /s/ Edward J. Lesniak
                                                             One of Its Attorneys

Edward J. Lesniak (ARDC #1624261)
Sara Youn Choh (ARDC #6298797)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 21st Floor
Chicago, Illinois  60611-3607
Tel:  (312) 840-7000
Fax:  (312) 840-7900

# CERTIFICATE OF SERVICE

The undersigned, an attorney representing JPMorgan Chase Bank, N.A., hereby certifies that she caused a true and correct copy of the foregoing **JPMorgan Chase Bank, N.A.'s Response to Debtor's Motion for Sanctions** to be electronically filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, by filing through the CM/ECF system, which served a copy of the foregoing upon the following counsel of record on April 8, 2015:

| | |
|---|---|
| Paul M. Bach<br>Sulaiman Law Group, Ltd.<br>900 Jorie Boulevard, Suite 150<br>Oak Brook, IL 60523 | Tom Vaughn<br>55 E. Monroe Street, Suite 3850<br>Chicago, IL 60603 |
| Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>219 S. Dearborn Street, Room 873<br>Chicago, IL 60604 | Manley Deas Kochalski, LLC<br>P.O. Box 165028<br>Columbus, OH 43216-5028 |
| Evan Lincoln Moscov<br>Weinstein & Riley, P.S.<br>469 W. Huron Street, Suite 1701<br>Chicago, IL 60611 | Heather M. Giannino<br>Heavner, Beyers & Mihlar, LLC<br>P.O. Box 740<br>Decatur, IL 62525-0740 |

      /s/ Edward J. Lesniak

15485\00352\1906137.1

# EXHIBIT A

**EXHIBIT A**

| Debtor's Exhibit | Date Document Summary | Disclaimer Language Contained in Document by Page Number and Location |
|---|---|---|
| *In re David J. Freedom*, Case No. 14-12741<br>Summary of Communications Attached to Debtor's Motion for Sanctions |
| I | May 30, 2014 Homeownership Letter | • **Page 1 (Bottom):** "To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation." |
| J | June 6, 2014 Homeownership Letter | • **Page 1 (Bottom):** "To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation." |
| K | May 31, 2014 Statement | • **Page 1 (Top):** "Please refer to the bankruptcy information in this statement for more information relating to your case. To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court."<br>• **Page 1 (Bottom):** "Please Note: This is not a request for payment. It is for informational purposes only. However, if you elect to make a payment, you may use the attached coupon below. The information on this page is contractual. Please refer to the bankruptcy information page included with this statement for additional information on your account."<br>• **Page 3 (Middle):** "IMPORTANT BANKRUPTCY INFORMATION If you or your account are subject to pending bankruptcy proceedings, or if you received a bankruptcy discharge, this statement is for information purposes only and is not an attempt to collect a debt."<br>• **Payment coupon page** (included in Exhibit L instead of Exhibit K)**:** "To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such |

| Debtor's Exhibit | Date Document Summary | Disclaimer Language Contained in Document by Page Number and Location |
|---|---|---|
| | | *In re David J. Freedom*, Case No. 14-12741<br>**Summary of Communications Attached to Debtor's Motion for Sanctions** (header spanning) |
| | | obligation.  If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court.  Please Note: This statement is not a request for payment.  It is for information purposes only.  However, if you elect to make a payment, you may use the attached coupon below.  If you do not wish to receive this monthly informational Statement in the future, or if you have any questions regarding this mortgage/deed of trust account, please call (888) 520-6447." |
| L | June 30, 2014 Statement | • **Page 1 (Top):** "Please refer to the bankruptcy information in this statement for more information relating to your case.  To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court."<br>• **Page 1 (Bottom):** "Please Note: This is not a request for payment.  It is for informational purposes only.  However, if you elect to make a payment, you may use the attached coupon below.  Please refer to the bankruptcy information page included with this statement for additional information on your account."<br>• **Payment coupon page** (included in Exhibit K instead of Exhibit L)**:**  "To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court.  Please Note: This statement is not a request for payment.  It is for information purposes only.  However, if you elect to make a payment, you may use the attached coupon below.  If you do not wish to receive this monthly informational Statement in the future, or if you have any questions regarding this mortgage/deed of trust account, please |

| | | *In re David J. Freedom*, Case No. 14-12741<br>**Summary of Communications Attached to Debtor's Motion for Sanctions** |
|---|---|---|
| **Debtor's Exhibit** | **Date Document Summary** | **Disclaimer Language Contained in Document by Page Number and Location** |
| | | call (888) 520-6447." |
| M | July 31, 2014 Statement | • **Page 1 (Top):** "Please refer to the bankruptcy information in this statement for more information relating to your case. To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court."<br>• **Page 1 (Bottom):** "Please Note: This is not a request for payment. It is for informational purposes only. However, if you elect to make a payment, you may use the attached coupon below. Please refer to the bankruptcy information page included with this statement for additional information on your account."<br>• **Payment coupon page:** "To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court. Please Note: This statement is not a request for payment. It is for information purposes only. However, if you elect to make a payment, you may use the attached coupon below. If you do not wish to receive this monthly informational Statement in the future, or if you have any questions regarding this mortgage/deed of trust account, please call (888) 520-6447." |
| N | August 31, 2014 Statement | • **Page 1 (Top):** "Please refer to the bankruptcy information in this statement for more information relating to your case. To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be |

3

| Debtor's Exhibit | Date Document Summary | Disclaimer Language Contained in Document by Page Number and Location |
|---|---|---|
| | *In re David J. Freedom*, Case No. 14-12741 Summary of Communications Attached to Debtor's Motion for Sanctions | |
| | | remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court." <br>• **Page 1 (Bottom):** "Please Note: This is not a request for payment. It is for informational purposes only. However, if you elect to make a payment, you may use the attached coupon below. The information on this page is contractual. Please refer to the bankruptcy information page included with this statement for additional information on your account." <br>• **Page 3 (Middle):** "IMPORTANT BANKRUPTCY INFORMATION If you or your account are subject to pending bankruptcy proceedings, or if you received a bankruptcy discharge, this statement is for information purposes only and is not an attempt to collect a debt." <br>• **Payment coupon page:** "To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court. Please Note: This statement is not a request for payment. It is for information purposes only. However, if you elect to make a payment, you may use the attached coupon below. If you do not wish to receive this monthly informational Statement in the future, or if you have any questions regarding this mortgage/deed of trust account, please call (888) 520-6447." |
| O | September 30, 2014 Statement | • **Page 1 (Top):** "Please refer to the bankruptcy information in this statement for more information relating to your case. To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court." <br>• **Page 1 (Bottom):** "The information on this page is contractual. Please refer to the bankruptcy information page included with this statement for additional information on your account." <br>• **Page 2 (Top):** "This statement is not a request for payment. It is for information purposes |

4


| | | *In re David J. Freedom*, Case No. 14-12741<br>Summary of Communications Attached to Debtor's Motion for Sanctions |
|---|---|---|
| **Debtor's Exhibit** | **Date Document Summary** | **Disclaimer Language Contained in Document by Page Number and Location** |
| | | only.  However, if you elect to make a payment, you may use the attached coupon below."<br>• **Page 3 (Middle):** "IMPORTANT BANKRUPTCY INFORMATION If you or your account are subject to pending bankruptcy proceedings, or if you received a bankruptcy discharge, this statement is for information purposes only and is not an attempt to collect a debt."<br>• **Payment Coupon Page:** "To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court.  Please Note: This statement is not a request for payment.  It is for information purposes only.  However, if you elect to make a payment, you may use the attached coupon below.  If you do not wish to receive this monthly informational Statement in the future, or if you have any questions regarding this mortgage/deed of trust account, please call (888) 520-6447." |
| P | October 31, 2014 Statement | • **Page 1 (Top):** "Please refer to the bankruptcy information in this statement for more information relating to your case.  To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court."<br>• **Page 1 (Bottom):** The information on this page is contractual.  Please refer to the bankruptcy information page included with this statement for additional information on your account."<br>• **Page 2 (Top):** "This statement is not a request for payment.  It is for information purposes only.  However, if you elect to make a payment, you may use the attached coupon below."<br>• **Page 3 (Middle):**  "IMPORTANT BANKRUPTCY INFORMATION If you or your account are subject to pending bankruptcy proceedings, or if you received a bankruptcy discharge, this statement is for information purposes only and is not an attempt to collect a debt." |

| | | *In re David J. Freedom*, Case No. 14-12741<br>**Summary of Communications Attached to Debtor's Motion for Sanctions** |
|---|---|---|
| **Debtor's Exhibit** | **Date Document Summary** | **Disclaimer Language Contained in Document by Page Number and Location** |
| | | - **Payment Coupon Page:** "To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court.  Please Note: This statement is not a request for payment.  It is for information purposes only.  However, if you elect to make a payment, you may use the attached coupon below.  If you do not wish to receive this monthly informational Statement in the future, or if you have any questions regarding this mortgage/deed of trust account, please call (888) 520-6447." |
| Q | November 31, 2014 Statement | - **Page 1 (Top):** "Please refer to the bankruptcy information in this statement for more information relating to your case.  To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  If your Plan requires you to make post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court."<br>- **Page 1 (Bottom):** "The information on this page is contractual.  Please refer to the bankruptcy information page included with this statement for additional information on your account."<br>- **Page 2 (Top):** "This statement is not a request for payment.  It is for information purposes only.  However, if you elect to make a payment, you may use the attached coupon below."<br>- **Page 3 (Middle):** "IMPORTANT BANKRUPTCY INFORMATION If you or your account are subject to pending bankruptcy proceedings, or if you received a bankruptcy discharge, this statement is for information purposes only and is not an attempt to collect a debt."<br>- **Payment Coupon Page:** "To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title II of the United States Code, this notice is for compliance and/or information purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  If your Plan requires you to make |

6

| Debtor's Exhibit | Date Document Summary | Disclaimer Language Contained in Document by Page Number and Location |
|---|---|---|
| | | *In re David J. Freedom*, Case No. 14-12741<br>**Summary of Communications Attached to Debtor's Motion for Sanctions** |
| | | post-petition mortgage payments directly to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court. Please Note: This statement is not a request for payment. It is for information purposes only. However, if you elect to make a payment, you may use the attached coupon below. If you do not wish to receive this monthly informational Statement in the future, or if you have any questions regarding this mortgage/deed of trust account, please call (888) 520-6447." |
| R | December 31, 2014 Statement | • **Page 3 (Middle):** "IMPORTANT BANKRUPTCY INFORMATION If you or your account are subject to pending bankruptcy proceedings, or if you received a bankruptcy discharge, this statement is for information purposes only and is not an attempt to collect a debt." |
| S | January 3, 2015 Statement | • **Page 3 (Middle):** "IMPORTANT BANKRUPTCY INFORMATION If you or your account are subject to pending bankruptcy proceedings, or if you received a bankruptcy discharge, this statement is for information purposes only and is not an attempt to collect a debt. |

7